PACTIV CORPORATION (formerly known as Tenneco Packaging and Consumer Products, Inc.), Plaintiff–Appellant,

v.

S.C. JOHNSON & SON, INC. and KCL Corporation, Defendants–Appellees.

No. 01–1158.

United States Court of Appeals, Federal Circuit.

Jan. 4, 2002.

---

Before NEWMAN, SCHALL, and BRYSON, Circuit Judges.

## DECISION

SCHALL, Circuit Judge.

Pactiv Corporation and Consumer Products, Inc. (collectively, "Pactiv"), appeal the decision of the United States District Court for the Northern District of Illinois that granted the motion of S.C. Johnson & Son, Inc., and KCL Corporation (collectively, "SCJ") for summary judgment of non-infringement of Pactiv's U.S. Patent No. 5,007,143 ("the '143 patent") and denied Pactiv's motion for partial summary judgment of infringement. We *affirm*.

## DISCUSSION

### I.

Pactiv is the assignee of the '143 patent, which relates to a zipper profile for opening and closing plastic bags. The patent describes and claims a "rolling action zipper profile" that closes a bag, point by point, as a plastic U-shaped slider moves the zipper across the bag. '143 patent, col. 1, II. 6–11. The moving action presses a male rib element together with a female groove element at the bottom of the profile and then "roll[s]" the profile closed toward the top. *Id.* at col. 5, II. 16–21. The exact same sequence in reverse opens the bag. A series of figures from the '143 patent depicts the rolling and interlocking of the male rib and female groove elements.

Viewing Figures 5–7 sequentially as the zipper moves across the profile at a single point on the bag, as the profile begins to

close (figure 5),[1] a part of the fastener apparatus called the "separator finger" (23) holds the top of the profile open while the slider's "shoulders" (21 and 22) push the bottom of the profile together. '143 patent, col. 5, II. 61–66, Fig. 5. Meanwhile, this pushing action causes a realignment so that the rib (16) moves partially into the groove (17). *Id.* at Col. 6, II. 8–10, Fig. 5. Then, as seen progressively from Figure 5 to 6 to 7, as the separator finger (23) becomes smaller, the groove element (17) rotates counter-clockwise until the rib (16) and groove (17) elements are interlocked and the profile is closed.

Claim 1 of the '143 patent (with the crucial claim language emphasized) reads in pertinent part as follows: [2]

> A plastic reclosable fastener with slider particularly suited for thermoplastic bags and the like comprising a pair of flexible plastic strips having separable fastener means extending along the length thereof comprising reclosable interlocking male and female profile elements on the respective strips, said strips including profiled tracks extending along the length thereof parallel to the male and female elements, said male and female elements having complementary cross sectional shapes such that they are *closed by pressing the bottom of the elements together first and then rolling the elements to a closed position toward the top thereof* . . . .

Col. 6, II. 53–64. SCJ's accused Slide–Loc bag has a U-shaped profile and a "plastic reclosable fastener" with at least one pair of interlocking rib and groove elements (the Slide–Loc has two rib and groove elements).

On November 12, 1999, the district court issued an order construing, *inter alia,* the claim term "rolling." *See Tenneco Packaging Specialty & Consumer Prods., Inc. v. S.C. Johnson & Son, Inc.,* No. 98 C 2679 (N.D.Ill.1999) (claim construction order). After considering and rejecting the alternative definitions proffered by the parties, the district court relied on the patent specification and the term's ordinary meaning to construe "rolling" to mean "a rotational motion which is achieved because of the shape of the elements and because of the materials from which the elements are made, i.e., flexible plastic." *Id.*

Based on the district court's construction of the term "rolling," SCJ moved for summary judgment of non-infringement, while Pactiv filed a cross-motion for partial summary judgment of infringement. Ruling on the motions, the district court compared the rolling limitation, as construed, to the accused Slide–Loc bag and concluded, as a matter of law, that SCJ's product did not infringe the '143 patent either literally or under the doctrine of equivalents. *Pactiv Corp. v. S.C. Johnson & Son, Inc.,* No. 98 C 2679 (N.D.Ill.2000) (order granting summary judgment of non-infringement).

Instead of framing the infringement inquiry as whether the accused Slide–Loc bag exhibits "rolling" at some point during the closing process, the district court sought to determine whether the rib and groove elements in the accused device are "closed . . . by rolling." '143 patent, col. 6, II. 63–64. After viewing computer anima-

---

1. Figure 4 shows the profile completely open, as the rib element (16) is not connected to the groove element (17).

2. Though Pactiv asserts that SCJ's accused Slide–Loc bag infringes numerous claims of the '143 patent, the presence of the critical element requiring "rolling" appears in all but one of the asserted claims, which instead includes the phrase "rolling action." Neither party has asserted that the terms "rolling" and "rolling action" have different meanings.

tions depicting the closing of the accused device and considering the opinions of the parties' experts, the court determined that any rolling that satisfies the definition noted above is "incidental" to the process of closing the Slide–Loc bag. *Pactiv Corp. v. S.C. Johnson & Son, Inc.*, No. 98 C 2679 (N.D.Ill.2000). The court found that the testimony offered by Pactiv's experts described two types of rotational movement in the accused device. The first type of rotation consists of an arcing movement that necessarily occurs as a result of the Slide–Loc closing from the bottom of the zipper profile to the top. According to the district court, this tracing of an arc, which positions the rib and groove elements next to each other, "is outside the definition of the claim term as determined by the court." *Id.* The second type of rotational movement occurs after the rib element both deforms and enters the groove. That occurs when the groove rotates counterclockwise and returns to its original shape and the rib rotates downward to engage the groove and "settles into its final closed position." *Id.* The district court appeared to agree that this rotational motion occurs because of the shape of the rib and groove elements and because of the materials from which they are made and that the motion thus may fit within the definition of the claim term "rolling." The court determined, however, that the incidental nature of the rolling to the closing process precluded a finding that the "Slide–Loc device closes by rolling as that term is used in the '143 patent." *Id.* Simply put, since a device that rolls only incidentally in the closing process does not close by rolling, as the '143 patent requires, the district court held that the Slide–Loc bag does not infringe the patent literally as a matter of law.

As for infringement under the doctrine of equivalents, the district court applied the familiar standard that "the claim element and accused component 'perform substantially the same function in substantially the same way to achieve substantially the same result.'" *Id.*, quoting *Kraft Foods, Inc. v. Int'l. Trading Co.*, 203 F.3d 1362, 1371, 53 USPQ2d 1814, 1820 (Fed. Cir.2000). The district court determined that because the Slide–Loc bag does not close by the rolling process described in the '143 patent, it necessarily does not close in substantially the same way as the claimed device.

## II.

Pactiv argues that the district court made two crucial errors in reaching the conclusion that the Slide–Loc bag does not infringe the '143 patent. First, it contends that the district court improperly added a limitation to the claims by requiring that "rolling" be non-incidental to the closing process. Such a construction, according to Pactiv, erroneously reads an unstated limitation into the claims in contravention of this court's settled precedent. *See N. Telecom Ltd. v. Samsung Elecs. Co.*, 215 F.3d 1281, 1290, 55 USPQ2d 1065, 1072 (Fed.Cir.2000). Second, Pactiv contends that irrespective of the presence of a non-incidental rolling requirement, the district court misapprehended the computer animations depicting the Slide–Loc's closing process and ignored Pactiv's expert testimony, both of which present substantial evidence of literal infringement and infringement under the doctrine of equivalents, so as to preclude a grant of summary judgment in favor of SCJ. We address these arguments in turn.

■ First, we do not agree that the district court improperly imported a limitation into the claims. On the contrary, we believe the non-incidental closing requirement follows clearly from the "closed

... by rolling" language of the claims. '143 patent, col. 6, II. 63–64. As the district court properly recognized, claim construction does not involve interpreting the claim language as a series of disjointed words. Instead, viewed in their proper context, the claims not only require the presence of rolling, but also that the profile be "closed ... by rolling." *Id.* The non-incidental rolling requirement gives meaning to this claim limitation; the district court properly construed the claim in accordance with its plain language.[3]

Pactiv also challenges the district court's grant of summary judgment of non-infringement, even assuming the propriety of the non-incidental rolling requirement. First, Pactiv relies on computer animations depicting the Slide–Loc bag closing to argue that a reasonable jury could conclude that the device exhibits non-incidental rolling and closes by rolling. Having viewed the animations repeatedly, we believe that they reinforce the district court's conclusion that the Slide–Loc bag does not close by rolling. We further believe that no reasonable jury could find otherwise. Examination of the animations reveals that the upper rib and groove elements of the accused device close by a combination of an arcing motion, deformation, and snapping; any "rolling" motion that occurs is incidental.

The testimony submitted by Pactiv's experts does not preclude a grant of summary judgment in favor of SCJ. Relying on the animations, Pactiv expert Dr. Steven Grossman concluded that "rolling is the dominant motion" in the Slide–Loc closing process. The district court discounted this testimony on the ground that Dr. Grossman's conclusion depended on a construction of the claim term "rolling" that embraces the arcing (or pivoting) motion exhibited by the Slide–Loc's upper rib and groove elements as the profile closes from bottom to top. This action does not constitute "rolling" for purposes of the '143 patent, however. The district court's original claim construction, which Pactiv does not dispute, defines rolling as "a rotational motion which is achieved because of the shape of the elements and because of the materials from which the elements are made, i.e., flexible plastic." This definition clearly excludes the arcing or pivoting motion in the Slide–Loc device, which necessarily occurs as a result of the bottom to top closing sequence, instead of the particular shape of the elements.[4] We agree with the district court's conclusion that no reasonable jury could conclude that the Slide–Loc bag does not literally infringe the asserted claims of the '143 patent.

As for infringement under the doctrine of equivalents, Pactiv contends that a reasonable jury could conclude that the Slide–Loc's rib and groove elements close in substantially the same way as the claim recites. *See Kraft Foods,* 203 F.3d at 1371. However, a bag that closes by arcing, snapping, and deforming, with rolling only incidentally present, necessarily does

---

**3.** We also reject Pactiv's argument that the "such that [the elements] are closed ... by rolling" language contains an open transition phrase ("such that"), thus permitting the profile to close by rolling as well as other methods. '143 patent, col. 6, II. 63–64. Even if other motions, including snapping and deformation, may be present in the claimed invention, the open language does not obviate the requirement that the profile be "closed ... by rolling." Simply put, an open-ended transition "does not free the claim from its own limitations." *Kustom Signals, Inc. v. Applied Concepts, Inc.,* 264 F.3d 1326, 1332, 60 USPQ2d 1135, 1139 (Fed.Cir.2001).

**4.** The second rolling motion, which occurs as the rib element settles in the groove, is incidental to the closing process and does not appear to have been the subject of the expert testimony.

not close in the same manner as a bag that closes by rolling. Therefore, we also agree with the district court's conclusion that, as a matter of law, the Slide–Loc bag does not infringe the '143 patent under the doctrine of equivalents.[5]

Gary DAVIDSON, James Kelly and Ronald Livingston, Plaintiffs,

and

Danny Koonce, Plaintiff–Appellee,

v.

UNITED STATES, Defendant–Appellant.

No. 01–5022.

United States Court of Appeals, Federal Circuit.

Jan. 8, 2002.

Before CLEVENGER, RADER, and DYK, Circuit Judges.

---

5. The testimony of Pactiv's expert Dr. James Conley, which simply recites the familiar function/way/result test and concludes that the Slide–Loc bag infringes the '143 patent by the doctrine of equivalents, without further analysis or explanation, is insufficient to de-

feat summary judgment. *Cf. Malta v. Schulmerich Carillons, Inc.,* 952 F.2d 1320, 1327, 21 USPQ2d 1161, 1166 (Fed.Cir.1991) (conclusory statements are not "sufficiently particularized" to support a finding of infringement under the doctrine of equivalents).